DANIEL E. SCOTT, J., concurring.
I write to emphasize why appellate courts are "especially wary" of claims that a trial court erred in not declaring a mistrial sua sponte in a criminal case. State v. Tilley , 104 S.W.3d 814, 819 (Mo. App. 2003). Otherwise defendants could stand mute when unfavorable incidents occur at trial, gamble on the verdict, then obtain a new trial if they lose. Id . This would put trial courts in an untenable position and contravene the principle that appellate courts will not reverse on issues not first put before the trial court. Id . at 819-20. See also State v. Reed , 498 S.W.3d 820, 827 (Mo. App. 2016) ; State v. Weeks , 982 S.W.2d 825, 838-39 n.13 (Mo. App. 1998).
Indeed, double jeopardy may have barred a retrial had the court here declared a mistrial sua sponte. See Tilley , 104 S.W.3d at 819. Rinehart enjoyed a valued, fundamental right to complete his trial before that particular jury. See State ex rel. Kemper v. Vincent , 191 S.W.3d 45, 51 (Mo. banc 2006) ; State v. Wrice , 235 S.W.3d 583, 586 (Mo. App. 2007) ; City of Smithville v. Summers , 690 S.W.2d 850, 854 (Mo. App. 1985). There was no need to implicate double jeopardy, sua sponte , when the court already had granted all the relief sought by the defense.
I concur.